Welch, C. J.
We see no error in this decree. That a bona fide purchaser of a debtor’s property from a fraudulent vendee, without notice of the fraud, or of the rights ■of the creditors, acquires an equity unaffected by the fraud, is too well settled to need the citation of authority. Such was admittedly the character and position of the mortgagees here. They took their mortgage in the full belief that Mrs. Nixon was the bona fide owner of the land, and without any actual or constructive knowledge that it had been seized in execution as the property of the husband. As between the bank and the mortgagees, Greiner and Hunter, it is quite plain to us, therefore, that the latter are to be preferred, to the extent that they are or may be damnified by their suretyship.
But counsel contend, that even if such bo the law of the ease, the benefit of the mortgage can not be extended to Teeters, because he was not a party to it, and because Nixon’s verbal “assurance” at the time Teeters became additional surety, that he should have the benefit of the mortgage, can not have the effect to give him the status or rights of a mortgagee. We do not suppose that this assurance of Nixon had any effect whatever, at least not otherwise than as merely showing the good faith of the transaction. But we hold it to be a well established general rule in equity, that where a mortgage is executed, or caused to be executed, by the principal to one or more of several joint sureties, it inures to the benefit of all the sureties alike. And this is so because -equity regards the mortgage as a security for the performance of the promise, or. discharge of duty by the principal, as well as an indemnity for the sureties. It makes no difference, therefore, when the sureties become such, provided they all under *39 take for the same thing—for the performance of the same act or duty by their principal. All the sureties here undertook for the same thing, namely, that Nixon would 4 faithfully discharge his duties as guardian; ” and Teeters, and also the minor ward of Nixon are entitled to the benefit of the mortgage, equally as would be Greiner and Hunter, in case they should pay the debt.

Motion overruled.